UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
: 
DANIEL LUGO,                                    :    MEMORANDUM
                                                :    OPINION AND ORDER
                    Petitioner,
                                                :    05 Civ. 1998 (SAS)
        - against -
                                                :
DANIEL ARTUS, Superintendent,
Clinton Correctional Facility,                  :

                    Respondent.                 :
------------------------------------------------------X
**SHIRA A. SCHEINDLIN, U.S.D.J.:**

Pro se petitioner Daniel Lugo now moves under Federal Rule of Civil Procedure ("Rule") 59(e) for reconsideration of the denial of his Rule 60(b)(1) motion,[1] which sought to vacate the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Rule 59(e) is used to alter or amend a judgment while Rule 60 governs relief from judgments. Thus, both Rules provide different forms of post-judgment relief. But both Rules cannot be used, in seriatim, to attack the same judgment. Here, the judgment in issue is the denial of Lugo's habeas petition, not the denial of his Rule 60(b)(1) motion. Thus, Rule

---

[1] *See Lugo v. Artus*, No. 05 Civ. 1998, 2008 WL 312298 (S.D.N.Y. Jan. 31, 2008).

[2] *See Lugo v. Artuz*. No. 05 Civ. 1998, 2006 WL 2463547 (S.D.N.Y. Aug. 23, 2006).

59(e) is not available to reargue the merits of Lugo's Rule 60(b)(1) motion. Lugo's motion under Rule 59(e) is therefore dismissed.

However, because a pro se litigant's papers should be interpreted "to raise the strongest arguments that they suggest,"[3] I will interpret Lugo's motion as a motion for reconsideration under Local Civil Rule 6.3. Motions for reconsideration are committed to the sound discretion of the district court.[4] "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[5] Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of

---

[3] *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quotation marks and citation omitted).

[4] *See Patterson v. United States*, No. 04 Civ. 3170, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[5] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *See also Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (quotation marks and citation omitted).

scarce judicial resources."[6]

Local Civil Rule 6.3 is narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court.[7] A motion for reconsideration is not a substitute for appeal.[8] Nor is it "a second bite at the apple for a party dissatisfied with a court's ruling."[9] Accordingly, the moving party may not "advance new facts, issues or arguments not previously presented to the Court."[10]

Here, Lugo does not point to any controlling decision or information overlooked by the Court, he merely disagrees with this Court's interpretation of the Supreme Court's holding in *Lefkowitz v. Newsome*[11] and its applicability to his case. Mere disagreement with the Court, however, is insufficient to vacate an

---

[6] *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quotation marks and citation omitted).

[7] *See Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400 (2d Cir. 2000).

[8] *See RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F. Supp. 2d 292, 296 (S.D.N.Y. 2002).

[9] *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004).

[10] *Caribbean Trading and Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (quotation marks and citation omitted).

[11] 420 U.S. 283 (1975).

earlier judgment. Accordingly, Lugo's liberally construed motion for reconsideration must also be dismissed.

Finally, there is the issue of whether to issue a certificate of appealability ("COA") with respect to the denial of petitioner's Rule 60(b)(1) motion. The Second Circuit has expressly held "that the COA requirement provided in 28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition."[12] For a COA to issue, petitioner must make a "substantial showing of the denial of a constitutional right."[13] Petitioner has made no such showing. Accordingly, I decline to grant a certificate of appealability in connection with the denial of petitioner's motion under Rule 60(b)(1).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 20, 2008

---

[12] *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001) (per curiam).

[13] 28 U.S.C. § 2253(c)(2).

4

## - Appearances -

**Petitioner (Pro Se):**

Daniel Lugo
# 00-A-1308
Eastern Correctional Facility
P.O. Box 338
Napanoch, NY 12458-0338

**For Respondent:**

Michelle Maerov
Assistant Attorney General
120 Broadway
New York, NY 10271
(212) 416-8000